STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

Vermont Agency of Natural Resources,      }
                Petitioner            }
                  }
               v.                     }        Docket No. 210-10-09 Vtec
The Copper Mine Corporation,              }
             Respondent.              }
                  }

## Judgment Order

This matter concerns the prosecution of an Administrative Order issued by the Vermont Agency of Natural Resources ("ANR") against The Copper Mine Corporation ("Respondent"), based upon various allegations of environmental law violations. When the parties were unable to reach a voluntary resolution of their dispute, the Court conducted a site visit with ANR representatives and Respondent on the afternoon of Monday, September 13, 2010 and a merits hearing on Tuesday, September 14, 2010. The parties completed their presentation of evidence and oral arguments during one day of trial. At the end of the proceedings the Court conducted a brief recess to complete its research and deliberations, returning thereafter to render its Findings of Fact and Conclusions of Law on the record. This Judgment Order is issued to memorialize this Court's order and decree.

Pursuant to 10 V.S.A. § 8010(b), the Court considered the eight statutory criteria listed therein in rendering its Findings of Fact and Conclusions of Law. The Court fulfills the statutory requirements of 10 V.S.A. § 8012(c) with the following summary of its Findings and Conclusions:

1. Respondent violated the land use and development laws (10 V.S.A., chapter 151) by blasting, extracting, processing and transporting rock, sand and other earth resources without the necessary state land use ("Act 250") permits, as required by 10 V.S.A. §§ 6081-93.

2. The blasting and excavation activities Respondent conducted were particularly onerous since they were conducted without the review and notice to neighbors that would have occurred, had Respondent applied for the necessary land use permits. The impacts upon abutting property owners of Respondent's unpermitted activities included fly rock travelling onto abutting property, as well as exposure to dust and noise caused by Respondent's blasting, excavation and transportation activities.

1

3.      Respondent also failed to plan and implement sufficient stormwater treatment practices on his property and failed to obtain coverage and authorization for such treatment as required under the Vermont Multi-Sector General Permit ("MSGP") administered by ANR.

4.      ANR presented sufficient, credible evidence to show that Respondent also committed two further violations; namely, the construction of a wooden fence near the road frontage boundary of his Wolcott property without first securing an amendment to the pre-existing Act 250 permit that encumbered his property, and by allowing tractor trailers to be parked on the edge of his property, which impeded the flow of traffic and visibility along Vermont Route 15.

5.      In assessing the severity of Respondent's environmental violations, and having concluded that Respondent's unpermitted activities warranted the assessment of significant penalties, the Court took the following into consideration:

   a. Respondent's unpermitted activities had actual and potential impacts upon public health, safety, and welfare, as well as resulting environmental impacts.   See 10 V.S.A. § 8010(b)(1).

   b. The Respondent and its principal agent and president, Dean Salvas, had prior knowledge and familiarity with the state land use permitting process. This prior knowledge was apparent to the Court because Respondent's properties were encumbered by pre-existing Act 250 permits; Mr. Salvas had previously applied for other similar Act 250 permits; and Mr. Salvas appeared to have full knowledge of the necessity to apply for additional Act 250 permits or amendments, yet made the conscious decision not to do so.  See 10 V.S.A. § 8010(b)(3).

   c. Lastly, as a result of the Respondent's unpermitted actions, the Court concludes that a significant penalty is needed so as to have a deterrent effect (per 10 V.S.A. § 8010(b)(6)), and to compensate ANR for its actual and reasonable expenses in this enforcement action (per 10 V.S.A. § 8010(b)(7)).

6.      The Court does hereby exercise its discretion and authority under 10 V.S.A. § 8012(b)(3) to modify the penalty provisions on page 4 of the Administrative Order issued by the ANR Secretary on October 13, 2009 as follows:

| | |
|---|---|
| Reimb. of ANR costs and expenses | $7,667.00 |
| Penalty for Act 250 violations | $5,000.00 |
| Penalty for MSGP violations | $2,500.00 |
| Penalty for tractor trailer placement | $  300.00 |
| **Total:** | **$15,467.00** |

Waste materials and tires remain stored on Respondent's Wolcott property.  Such materials must be removed, after Respondent obtains any necessary ANR permit(s).  In the event Respondent obtains such permit(s) and removes all waste materials and tires by **March 14, 2012,** no further penalty shall be assessed in these proceedings.  However, in

2

the event that Respondent fails to obtain the necessary permit(s) and remove all waste materials and tires from its Wolcott property by March 14, 2012, an additional penalty of **$3,500.00** shall become immediately due and payable, thereby raising the total penalty due in these proceedings to **$18,967.00**

7.  All other provisions of the Secretary's October 13, 2009 Administrative Order shall remain in full force and effect.

**Rights of Appeal (10 V.S.A. §§8012(c)(4) and (5)):**

**WARNING:** This Decision will become final if no appeal is filed within ten (10) days of the date this Decision is received. All parties to this proceeding have a right to appeal this Decision. The procedures for filing an appeal are found in the Vermont Rules of Appellate Procedure (V.R.A.P.), subject to superseding provisions in Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) 4(d)(6). Within ten (10) days of receipt of this Order, any party seeking to file an appeal must file the notice of appeal with the Clerk of the Environmental Division of the Vermont Superior Court, together with the applicable filing fee. Questions may be addressed to the Clerk of the Vermont Supreme Court, 111 State Street, Montpelier, VT 05609-0801, (802) 828-3276. An appeal to the Supreme Court operates as a stay of payment of a penalty, but it does not stay any other aspect of this Judgment Order or the Administrative Order affirmed and revised by the this Court. 10 V.S.A. § 8013(d). A party may petition the Supreme Court for any additional stay under the provisions of the Vermont Rules of Civil Procedure (V.R.C.P.) 62 and V.R.A.P. 8.

This completes the current proceedings before this Court concerning this environmental enforcement action.

Done at Newfane, Vermont, this 1st day of October 2010.

_____
Thomas S. Durkin, Judge